UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Erica Patterson,<br><br>          Plaintiff(s),<br><br>-v.-<br><br>Portfolio Recovery Associates, LLC,<br><br>          Defendant(s). | **Civil Action No:** 5:22-cv-802<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Erica Patterson (hereinafter, "Plaintiff"), a Texas resident, brings this Complaint by and through her attorneys, against Defendant Portfolio Recovery Associates, LLC (hereinafter "PRA"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

  1.  Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

  2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." 15 U.S.C. §

1

l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action based on Defendant's violation of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), as well as Defendant's violations of Texas Finance Code § 392.307, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Texas, County of Bexar.

8. Defendant PRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service, care of its registered agent, Corporation Service Company, d/b/a CSC- Lawyers Incorporating Service Company at 211 East 7th Street, Ste 620, Austin TX, 78701.

9. Upon information and belief, Defendant PRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

11. On or before July 27, 2021, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

12. This debt was incurred as a financial obligation with the original creditor Comenity Bank ("Comenity"), the funds of which were used primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Comenity is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

14. Upon information and belief Comenity sold or otherwise assigned the alleged debt to Defendant PRA, a debt collector and debt buyer, who is now attempting to collect the alleged debt.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – July 27, 2021 Collection Letter*

16. On or around July 27, 2021, Defendant sent a collection letter to Plaintiff. See Collection Letter attached hereto as **Exhibit A**.

17. The Letter begins by offering three repayment plans including a one-time payment, or an option to make smaller payments over the course of three or six months.

18. Immediately after advising of the specific offers, the Letter states:

> The savings will be applied to the balance and your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted. Within approximately 30 days of your final payment successfully posting, we will request that the three

        major credit reporting agencies delete our tradeline related to your account from your credit bureau.

19. The Letter further states:

        The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. Depending on the laws of your state, certain actions, such as making a payment or promising to pay the debt, may restart the time period for the filing of a lawsuit against you; but even if that were the case, we still will not sue you on this debt.

20. The alleged debt is time-barred, meaning that Defendant cannot sue Plaintiff.

21. While the debt is time-barred, per Defendant's offer, Defendant is still actively reporting the debt to consumer reporting agencies.

22. Under Texas law, Section 392.307 of the Texas Finance Code, a partial payment will not restart the statute of limitations where a debt buyer such as Defendant PRA is attempting to collect a debt after the statute of limitations.

23. Defendant PRA is aware that Plaintiff resides in Texas, as that is where Defendant sent the letter to Plaintiff.

24. As noted, in Texas, payments can never revive the statute of limitations.

25. It is deceptive and misleading to mention that in some states making a payment can restart the statute of limitations, when Defendant is aware that they are dealing with a consumer in Texas, where a payment cannot restart the statute of limitations by operation of law.

26. Defendant instead chose to simply include information regarding certain states, without regard for its relevance to Plaintiff, thereby potentially misleading Plaintiff regarding the correct law.

27. Moreover, Defendant failed to comply with any of the requirements of Section 392.307(e) which sets forth certain specific requirements for debt buyers such as Defendant.

28. Specifically, the law states:

    If a debt buyer is engaged in debt collection for a consumer debt for which an action to collect the debt is barred under Subsection (c), the debt buyer, or debt collector acting on behalf of the debt buyer, shall provide the following notice in the initial written communication with the consumer relating to the debt collection:

    (1) if the reporting period for including the consumer debt in a consumer report prepared by a consumer reporting agency has not expired under Section 605, Fair Credit Reporting Act (15 U.S.C. Section 1681c), and the debt buyer furnishes to a consumer reporting agency information regarding the consumer debt, "THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT SUE YOU FOR IT. IF YOU DO NOT PAY THE DEBT, [INSERT NAME OF DEBT BUYER] MAY CONTINUE TO REPORT IT TO CREDIT REPORTING AGENCIES AS UNPAID FOR AS LONG AS THE LAW PERMITS THIS REPORTING. THIS NOTICE IS REQUIRED BY LAW."

    (2) if the reporting period for including the consumer debt in a consumer report prepared by a consumer reporting agency has expired under Section 605, Fair Credit Reporting Act (15 U.S.C. Section 1681c), but the debt buyer does not furnish to a consumer reporting agency information regarding the consumer debt, "THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT SUE YOU FOR IT. THIS NOTICE IF REQUIRED BY LAW."

    (3) if the reporting period for including the consumer debt in a consumer report prepared by a consumer reporting agency has expired under Section 605, Fair Credit Reporting Act (15 U.S.C. Section 1681c), "THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT.  BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT SUE YOU FOR IT, AND WE WILL NOT REPORT IT TO ANY CREDIT REPORTING AGENCY. THIS NOTICE IS REQUIRED BY LAW."

Tex. Fin. Code § 392.307(e) (2019).

29. Defendant's letter does not accurately portray the notice required by the Statute.

30. Defendant's letter does not state that the "notice is required by law," which is specifically mandated by the § 392.307(e).

31. Defendants letter also fails to address the issue of whether the alleged debt is currently and/or will be subject to future reporting to a credit reporting agency.

32. Therefore, Defendant failed to comply with the specific requirements of the FCRA, as well as the Texas Financial Code.

33. Based on Defendant's failure to provide the specific notices required under Texas law, the "least sophisticated consumer" would be improperly and inadequately advised as to the status of the debt in terms of credit reporting.

34. Defendant violated the FDCPA and Texas Financial Code by improperly advising Plaintiff as to the nature, character, and status of the alleged debt by failing to provide necessary and statutorily required language within its debt collection letter.

35. Additionally, pursuant to Tex. Fin. Code § 392.307(f) "[a] notice required under Subsection (e) must be in at least 12-point type that is ***boldfaced, capitalized, or underlined or otherwise conspicuously set out*** from the surrounding written material."

36. In addition to failing to include the specific language and statements required by Texas law, Defendant's notice further violates the law in that the same is not boldfaced, capitalized, or underlined or otherwise conspicuously set out from the surrounding written material.

37. Additionally, Tex. Fin. Code § 392.403 provides consumers with the private right of action against debt buyers who violate the statute.

38. But for Defendant's conduct in violation of the FDCPA and Texas Financial Code, Plaintiff would have pursued a different course of action.

39. After the receipt of Defendant's inaccurate and/or misleading Letter, Plaintiff expended money on other debts and obligations, as she detrimentally relied upon Defendant's statements within the Letter.

40. By Defendant failing to properly advise Plaintiff as to how the debt is or is not being reported to consumer reporting agencies, Plaintiff was misled to her detriment.

41. Specifically, had Plaintiff been fully advised of the nature of the debt, she would have had the option of selecting one of the repayment options listed to attempt to have the matter removed from her credit report.

42. Defendant's conduct explicitly violated Texas law by failing to provide the specific notices, and in the correct font, thus leading to Plaintiff's inability to determine the best course of action as necessary, pertinent information was withheld.

43. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. Defendant violated said section

      a. by creating a false and misleading representation of the status of the debt/and the effect of partial payment of the debt in violation of §1692e(10); and

      b. by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

48. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

51. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

52. Defendants violated this section by omitting material information that gave Plaintiff a false understanding of the proper legal status of the debt and the ramifications of specific actions.

53. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
**VIOLATIONS OF THE TEXAS FINANCE CODE, TITLE 5, CHAPTER 392.307 *et seq.***

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the Texas Financial Code, including but not limited to Tex. Fin. Code § 392.307.

56. Pursuant to Tex. Fin. Code § 392.307(e), a debt buyer must advise a consumer of the statute of limitations and how it applies to the debt being sought, as well as a statement regarding the debt being reported to consumer reporting agencies as applicable, and further requires the use of specific language in doing so.

57. Pursuant to Tex. Fin. Code § 392.307(f), the required notice must be in boldfaced, capitalized, or underlined or otherwise conspicuously set out from the surrounding written material.

58. Defendant violated this section:

   a. By using language that deviated from the statute;

   b. By failing to make any statement regarding the furnishing of information regarding the debt to consumer reporting agencies despite the prior offer to request tradeline deletion; and

   c. By failing to use boldface, capitalized, or underlined font, or to otherwise conspicuously set out the notice from the surrounding written material.

59. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 392.307 *et seq.* of the Texas Finance Code, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

33. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Erica Patterson demands judgment from Defendant PRA, as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1) and Tex. Fin. Code 392.403;

2. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For attorney fees and costs provided pursuant to 15 U.S.C. § 1692k(a)(3);

4. For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

5. For such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

Dated: July 26, 2022

Respectfully Submitted,

*/s/ Yaakov Saks*
Yaakov Saks
**Stein Saks, PLLC**
One University Plaza, Suite 620
Hackensack, NJ 07601
Tel. 201-282-6500
Fax 201-282-6501
ysaks@steinsakslegal.com
*Attorneys for Plaintiff*